NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RIKA FRISTDA SIRINGO RINGO,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 17-73293<br><br>Agency No. A095-875-142<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2021**

Before:  GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Rika Fristda Siringo Ringo, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen. *Najmabadi*

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

The BIA did not abuse its discretion in denying Siringo Ringo's motion to reopen as untimely and number barred, where it was filed more than ten years after the order of removal became final and was beyond the numerical limitations, *see* 8 C.F.R. § 1003.2(c)(2), and where Siringo Ringo did not establish changed country conditions in Indonesia that are material to her claim for relief, *see* 8 C.F.R. § 1003.2(c)(3)(ii) (requiring material evidence of changed circumstances to qualify for exception to the time and numerical limitations for motions to reopen); *Najmabadi*, 597 F.3d at 987-90 (evidence must be "qualitatively different" to warrant reopening).

To the extent Siringo Ringo contends the BIA erred by failing to consider her claim for relief under the Convention Against Torture ("CAT") in conducting the changed country conditions analysis, we reject the contention as unsupported by the record.

In light of this disposition, we need not reach Siringo Ringo's contentions regarding prima facie eligibility for asylum, withholding of removal, and relief under CAT. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

As stated in the court's March 12, 2018 order, the stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**